UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
Camille Collett, *et al.*           )
                                    )
       PLAINTIFFS,                  )
                                    )
v.                                  )        Case No. 18-CV-1104 (RC)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
       DEFENDANT.                   )
_____)

PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS'
MOTION FOR A PRELIMINARY INJUNCTION COMPELLING
DEFENDANT TO COMPLY WITH THE FEBRUARY 18, 2018
HEARING OFFICER DETERMINATION AND REMIT PAYMENT FOR THE
TUITION AND FEES INCURRED BY PLAINTIFFS FOR THE PERIOD OF
FEBRUARY 2018 THROUGH JUNE 2018

       Plaintiffs have filed a Motion requesting that this honorable Court order Defendant to

comply with the February 18, 2018 Hearing Officer Determination and pay the tuition and fees

incurred by Plaintiffs for the placement of their minor child at The Auburn School during the

period of  February 2018 through June 2018.   In the instant matter, immediate injunctive relief

is necessary to prevent  irreparable injury to the minor Student, who is a Student with disabilities

and to protect the minor Student's right to a free and appropriate public education (FAPE) under

the Individual with Disabilities Education Act (IDEA), 20 U.S.C. Sec. 1400 *et seq*.   In support

thereof, Plaintiffs state as follows:

## I.  FACTUAL BACKGROUND

       E.B., the minor Student, is a 9 year old child.    During school year 2017-2018, E.B.  was

parentally placed at The Auburn School, Silver Spring, MD.  The Auburn School is a full time

special education school for children with significant learning issues.  (Ex. 1)

On October 13, 2017, Plaintiffs, through counsel, filed an administrative due process complaint pursuant to IDEA.  D.C. Public Schools was the Respondent at this hearing.  (Ex. 1) A hearing was held on January 18 and 30, 2018 and on February 2 and 7, 2018.  On February 18, 2018, Hearing Officer Peter Vaden issued a Hearing Officer Determination (herein HOD) finding, *inter alia*, that Defendant failed to provide a FAPE to E.B. during SY 2017-2018.  (Ex. 1)  The hearing officer further found that E.B. was making educational progress at The Auburn School and ordered Defendant to reimburse the Plaintiffs for the cost of this placement for SY 2017-2018 up until the date of the HOD.  (Ex. 1)  The hearing officer further ordered that Defendant fund the cost of the Student's placement at The Auburn School for February 2018 through June 2018 as compensatory education.  (Ex. 1)

Defendant did not appeal any aspect of the Hearing Officer Determination, including the order requiring Defendant to pay the tuition and fees for the period of February 2018 through June 2018.

Plaintiffs, through counsel, have made repeated inquiries as to the status of the payment in question.  (Ex. 2 and Ex. 3)   Personnel from The Auburn School have also made repeated inquires as to the status of the payment in question.  (Ex. 4)   Upon information and belief, to date, Defendant has not made any payments to Plaintiffs or to The Auburn School for the tuition and fees incurred by Plaintiffs for the period of February 2018 through June 2018.  As a result of not receiving payment for this period, personnel at The Auburn School have notified Plaintiffs that the minor Student will not be able to return to The Auburn School in one week when school begins for the upcoming school.  (Ex. 5)

2

II.   **PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF BASED ON THE**
**TRADITIONAL TEST**

Per the February 18, 2018 HOD Defendant has been ordered to fund the tuition and fees

incurred by Plaintiffs for the period of February 2018 through June 2018.  However, despite this

legal obligation, Defendant continues to violate the law and the HOD by failing to make the

payment at issue.

The test for entitlement to a preliminary injunction has four prongs.  These four prongs

were set forth in years ago in *Petroleum Jobbers Association v. Federal Power Commission*, 259

F. 2d 92d1 (D.C. Cir. 1958)   These standards were relied upon in *Washington Metropolitan Area*

*Transit Commission v. Holiday Tours*, 559 F.2d 841 (D.C. Cir. 1977).  The four prongs are:

A.   Will irreparable harm occur if the injunction is not granted;
B.   Is the moving party likely to prevail on the merits;
C.   Is there harm to Defendant; and
D.   Is granting the injunction in the public interest?

 As set forth below, Plaintiffs have met all four prongs of this test.

A.   Irreparable Harm Will Occur to E.B. if the Injunction is Not Granted

E.B. is a young student who attended The Auburn School for school year 2017-2018.   As

a result of the Hearing Officer Determination which was issued on February 18, 2018, Defendant

was ordered to, *inter alia*, pay the tuition and fees for the period of February 2018 through June

2018.  Upon information and belief, Defendant has not done so.  Based on Defendant's failure to

make the payment at issue, personnel at The Auburn School have informed Plaintiffs that E.B.

will not be able to return to The Auburn School when school starts in one week unless the

payment is made by Plaintiffs.  (Ex. 5)

The Hearing Officer found that E.B. was making progress at The Auburn School and

3

that Defendant failed to offer a FAPE to E.B. in terms of developing an inappropriate IEP and offering an inappropriate placement at Murch Elementary School.  (Ex. 1)   Murch Elementary School has been offered by Defendant as a placement for SY 2018-2019.   However, this placement has been found to not be appropriate to meet E.B.'s special education needs. Accordingly E.B. will suffer irreparable harm if he can not return to The Auburn School and is left with no appropriate school placement.  This would clearly deprive the minor Student of his right to a FAPE.  The time that E.B. is out of school is time that can *never* be recovered.  Unless this honorable Court compels Defendant to act,  E.B. will not be able to attend school when school begins on April 29.  (Ex. 5)

        It is undisputed that E.B. suffers from emotional, psychological, and medical issues. (Ex. 1)   During school year 2017-2018 E.B.  missed a significant number of school days because of being placed in an inappropriate school placement with an inappropriate IEP.  (Ex. 1) Failing to issue an injunction will result in E.B. languishing at home without an appropriate school placement.  Languishing at home will cause great physical and emotional damage to E.B.

        Accordingly, because Defendant was found to have failed to provide a FAPE to E.B. and ordered to fund his placement in an appropriate school program, without an order requiring Defendant to remit the payment in questions it is clear that imminent and irreparable harm is occurring and will continue to occur.

B.    <u>Plaintiffs Are Likely to Prevail on the Merits</u>

        Plaintiffs have already prevailed on the underlying merits of this case: The hearing officer found that E.B. requires placement in a special education school and ordered Defendant to pay for it.  It is undisputed that Defendant has not remitted the payment for the tuition and fees for

the period of February 2018 through June 2018.

    C.   <u>There is No Harm to Defendant or D.C. Public Schools</u>

Defendant has been ordered via the February 18, 2018 Hearing Officer Determination to remit payment for the tuition and fees for the period of February 2018 through June 2018. Defendant did not appeal this order. Accordingly, remitting payment is something that Defendant must do. This honorable Court ordering Defendant to remit the payment in question can provide no harm to D.C. Public Schools. Defendant should not now be heard to say that being ordered to remit the payment in question will not cause any harm to D.C. Public Schools or anyone in the community.

    D.   <u>Issuance of the Injunction is in the Public's Interest</u>

The public has a strong interest in Defendant complying with the law and educating its students with disabilities as required by IDEA. Students such as E.B. are some of the weakest, most vulnerable citizens of the District of Columbia. The hearing officer has ruled on E.B.'s need for placement at The Auburn School. Given that Defendant has not remitted payment as ordered, the public interest is served by compelling Defendant to remit the payment.

In addition, the public has a strong interest in making sure that all of the children in the District of Columbia attend school. If Defendant is not ordered to remit the payment in question, E.B. will not have a school placement when school begins in one week. This is clearly contrary to the public interest in children attending school.

**III.**   **<u>CONCLUSION</u>**

The Hearing Officer clearly and unequivocally ordered Defendant to fund the tuition and fees for E.B.'s placement at The Auburn School for the period of February 2018 through June

2018.  Defendant did not appeal this order.  It is undisputed that Defendant has not made the payment as ordered.  For all of the reasons set forth above, Plaintiffs respectfully submit that they have met the standard for the issuance of an injunction in this case.  Plaintiffs respectfully request this honorable Court to issue a Preliminary Injunction ordering Defendant to immediately remit the sum of $ 23, 672.00 to The Auburn School on behalf of Plaintiffs.

Respectfully submitted,

*/s/ Elizabeth T. Jester, Esq.*

Elizabeth T. Jester, Esq.
JESTER AND WILLIAMS, LLC
P.O. Box 1165
Great Falls, VA 22066
703-757-8375 (office)
703-757-8378 (fax)
D.C. Bar Number 386813
ETJESQ@aol.com

*Not admitted to practice in VA*