**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAMILLE COLLETTE, ET AL.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **CA: 18-cv-1104 (RC)** |

**THE DISTRICT OF COLUMBIA'S RESPONSE TO PLAINITFF'S MOTION FOR STAY PUT RELIEF**

The District of Columbia (the "District") responds to Plaintiff's Motion for stay put relief, which seeks an order under 20 U.S.C. § 1415(j) that E.B. be placed at the Auburn School during the pendency of this litigation. Pls.' Mot for Stay-Put [7].

**Relevant Factual Background**

During the 2017-2018 school year, Plaintiffs placed E.B. at the Auburn School. Thereafter, they filed an administrative due process complaint, challenging, among other things, E.B.'s placement. On February 18, 2018, independent hearing officer ("IHO") Peter Vaden issued an HOD that, in large part, granted the relief sought by Plaintiffs.

Plaintiffs later appealed that HOD, which is the basis for this litigation. Plaintiffs now seek an order from the Court that, pursuant to 20 U.S.C. § 1415(j), E.B. be placed at the Auburn School during the pendency of this litigation.

The District does not oppose the stay-put relief sought here.

**Standard of Review**

The IDEA includes what has been called a stay-put provision or an automatic injunction provision. *Honig v. Doe*, 484 U.S. 305, 325-27 (1988) (discussing the "automatic injunction").

The stay-put provision provides "during the pendency of any proceedings conducted pursuant to [20 U.S.C. § 1415], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . ." 20 U.S.C. § 1415(j). The purpose of this provision is to prohibit "school officials from removing a child from the regular public school classroom over the parents' objection pending completion of the review proceedings." *Honig*, 484 U.S. at 327. The party seeking the stay-put injunction "must identify, at a minimum, a fundamental change in, or elimination of a basic element of the education program in order for the change to qualify as a change in educational placement." *Lunceford v. D.C. Bd. of Educ.*, 745 F.2d 1577, 1582 (D.C.Cir.1984).

## Argument

The District does not oppose the stay-put relief sought by Plaintiffs – that is, placement for E.B. at the Auburn School during the pendency of this action. The District has also taken affirmative steps to inform the Auburn School that the District will fund E.B.'s placement at the Auburn School. Ex. 1. Consequently, Plaintiffs' motion for a preliminary injunction is moot.

The Court should deny Plaintiffs' motion for stay-put relief because it is moot. "Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.'" *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of the Judicial Conf. of the U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001) (citing *Honig*, 484 U.S. at 317). "If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot." *Id.* (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). "This requirement applies independently to each form of relief sought," and it "subsists through all stages of federal judicial proceedings, trial and appellate." *Id.* Article III courts lack jurisdiction over moot controversies. *Safari Club Int'l v. Jewell*, 842 F.3d 1280, 1285

(D.C. Cir. 2016) ("To determine whether we and the district court have Article III jurisdiction, we must decide whether Safari Club has standing and whether its claims are moot."); *Mine Reclamation Corp. v. F.E.R.C.*, 30 F.3d 1519, 1522 (D.C. Cir. 1994) ("Although no party asserts that the case is therefore moot, we are obliged to address the issue sua sponte because mootness goes to the jurisdiction of this court").

Because there is no actual, ongoing controversy between the Parties, the issue regarding stay-put relief is moot, and the Court should deny Plaintiffs' motion.

## Conclusion

Therefore, the court should deny Plaintiff's motion for a preliminary injunction.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Glenn T. Marrow*
GLENN T. MARROW
Chief, Civil Litigation Division, Section II[1]

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630 South
441 Fourth Street, NW
Washington, DC 20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

---

[1] Sworn into the bar of the District of Columbia and awaiting his bar number.