UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CAMILLE COLLETTE, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 18-01104 (RC) |
| | : | | |
| v. | : | Re Document No.: | 77 |
| | : | | |
| DISTRICT OF COLUMBIA, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO HOLD DEFENDANT IN
CONTEMPT FOR FAILING TO COMPLY WITH THIS COURT'S MARCH 15, 2021 ORDER

## I.  INTRODUCTION

This action arises in relation to an order issued by this Court on March 15, 2021.  *See* Order Granting in Part and Den. in Part Pls.' Mot. for Award of Att'ys' Fees and Costs ("Order"), ECF No. 75; *see also* Mem. Op. Granting in Part and Den. in Part Pls.' Mot. for Award of Att'ys' Fees and Costs ("Mem. Op."), ECF No. 76.  The Court ordered that the District of Columbia ("the District") pay Camille Collette and Jacques Benoit ("Plaintiffs") attorneys' fees, expert fees, and other costs arising from Plaintiffs' claim against the District under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, with post-judgment interest on the award beginning to accrue sixty days after the issuance of the order. Mem. Op. at 10 n.7.  On June 9, 2021, Plaintiffs filed a motion to hold the District in contempt because the District had not yet paid the award.  *See* Pls.' Mot. to Hold Def. Dist. of Columbia in Contempt for Failing to Comply with This Court's March 15, 2021 Order ("Pls.' Mot."), ECF No. 77.  The District issued a check a week later, which Plaintiffs received on June 21, 2021. Plaintiffs now argue that because the District did not issue payment until ninety-three days after

issuance of the Order and did not include post-judgment interest, this Court should hold the District in contempt. *See* Pls.' Reply Def.'s Opp'n Pls.' Mot. to Find Def. in Contempt for Failing to Comply with This Court's March 15, 2021 Order ("Pls.' Reply") at 1–2, ECF No. 79. Plaintiffs also seek to recover the post-judgment interest and additional attorneys' fees. *See* Pls.' Reply at 1. The District contends that Plaintiffs have failed to demonstrate non-compliance. *See* Def.'s Opp'n. Pls.' Mot. to Hold Def. Dist. of Columbia in Contempt for Failing to Comply with This Court's March 15, 2021 Order ("Def.'s Opp'n"), ECF No. 78. The Court concludes that Plaintiffs have failed to uphold the burden of proof in demonstrating the District's noncompliance with the Order and that the additional attorneys' fees are unreasonable. However, the Court concludes that the District must pay post-judgment interest to account for the thirty-three days past the sixty-day interest forbearance period. Accordingly, the Court will grant in part and deny in part Plaintiffs' motion for contempt.

## II. FACTUAL BACKGROUND

In 2017, Plaintiffs filed a complaint with the District's Office of the State Superintendent of Education under the IDEA on behalf of their minor child. After an administrative hearing, a hearing officer resolved several claims in the District's favor, prompting Plaintiffs to challenge the determination in this Court. *See Collette v. District of Columbia*, No. 18-cv-1104, 2019 WL 3502927, at *1–5 (D.D.C. Aug 1, 2019). This Court concluded that the hearing did not award adequate relief to Plaintiffs and remanded the matter to the hearing officer. *See id.* at 7–16. Plaintiffs prevailed at the hearing on remand and then filed a motion for attorneys' fees in November 2020. *See* Pls.' Mot. for Att'y Fees, ECF No. 72. This Court ordered that the District pay Plaintiffs $373,133.55 in total, including attorneys' fees, expert fees, and other costs arising from Plaintiffs' claim against the District. Mem. Op. at 10. The Court also ordered that

post-judgment interest on the award begin accruing sixty days after the issuance of the order. *Id.* at 10 n.7. Around the sixty-day mark, Plaintiffs' counsel contacted counsel for the District to inquire about the status of the payment. Pls.' Reply at 1. Plaintiffs' counsel contacted the counsel for the District once more two weeks later, and then filed the motion for contempt. *Id.* at 1–2; Pls.' Mot. Plaintiffs received payment on June 21, 2021, via a check dated June 16, 2021, ninety-three days after the issuance of the order. *Id.* at 1. The check did not reflect the addition of any post-judgment interest. *Id.* at 1.

### III.  ANALYSIS

To show civil contempt, a movant must show by clear and convincing evidence that the putative contemnor violated a clear and unambiguous order. *Armstrong v. Exec. Off. of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993); *see NLRB v. Blevins Popcorn Co.*, 659 F.2d 1173, 1183 (D.C. Cir. 1981); *Food Lion, Inc. v. United Food & Com. Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997). Additionally, "civil contempt sanctions may not be punitive—they must be calibrated to coerce compliance or compensate a complainant for losses sustained." *In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009). Here, the Court issued a clear and unambiguous order requiring the District to pay the specified amount of attorneys' fees and associated costs. *See* Order. The District issued, and Plaintiffs have now received, a check for the originally awarded $373,133.55. Pls.' Reply at 1. In light of this (albeit slow) compliance from the District, any further directives from this Court must be limited only to enforcing the Order. The only outstanding issues to address are the post-judgment interest and Plaintiffs' request for additional attorneys' fees associated with this civil contempt litigation.

### A. Post-Judgment Interest

This Court has awarded post-judgment interest in several cases arising from IDEA claims in order to correct for the plaintiff's losses due to the time value of money. *See, e.g.*, *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 29 (D.D.C. 2004); *Akinseye v. District of Columbia*, 339 F.3d 970, 972 (D.D.C. 2003). In this case, the Order clearly directs the District to pay post-judgment interest. Due to the COVID-19 pandemic, the Court agreed that interest would not begin to accrue until sixty days after the order issued. *See* Order; *see also* Mem. Op. at 10 n.7. Even with this granted forbearance, the District did not write its check to Plaintiffs until ninety-three days later, and therefore Plaintiffs are entitled to thirty-three days of post-judgment interest at the statutory rate. *See* 28 U.S.C. § 1961(a). Plaintiffs are further entitled to interest accruing on the post-judgment interest award until the date of the eventual payment.

### B. Attorneys' Fees

The Court has the discretion to decide whether to grant fees-on-fees in IDEA cases for time expended recovering attorneys' fees. *Kaseman v. District of Columbia*, 444 F.3d. 637, 640 (D.C. Cir. 2006). However, the court has a responsibility to ensure the reasonableness of awarded fees-on-fees. *See Peck v. Selex Sys. Integration*, No. 13-cv-73, 2020 WL 8991721, at *18 (D.D.C. Nov. 16, 2020); *see also Boehner v. McDermott*, 541 F. Supp. 2d 310, 325 (D.D.C. 2008). In particular, the Court should not award fees-on-fees in cases where additional motions are not necessary to receive payment. *See Jones v. District of Columbia*, 153 F. Supp. 3d 114, 122 (D.D.C 2015). Although the District paid Plaintiffs after the interest forbearance period, the District informed Plaintiffs at least twice that payment was forthcoming. *See* Pls.' Reply at 1–2; Def.'s Opp'n at 2. The Order stipulates neither a deadline nor time penalty for the District. Post-judgment interest exists to correct for the time value of money, rather than as an incentive

for parties to pay by a certain date. Plaintiffs incorrectly interpret a grace period granted to the District to deal with operational challenges due to the ongoing pandemic as a deadline to pay. *See* Mem. Op. at 10 n.7. As there was no need to file additional motions in pursuit of recovering attorneys' fees, the Court denies Plaintiffs' request for additional fees-on-fees.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Contempt is **GRANTED IN PART** and **DENIED IN PART**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 4, 2021                                                                              RUDOLPH CONTRERAS
                                                                                                               United States District Judge